**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: September 23 2013

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-35350 |
| | ) | |
| Derrick J. Bryan and Hope M. Bryan, | ) | Chapter 13 |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

This case came before the court for hearing on September 19, 2013, on Debtors' Motion to Reinstate Automatic Stay ("Motion") [Doc. # 46]. An Attorney for creditor The Huntington National Bank ("Huntington") appeared at the hearing by telephone. Attorney for Debtors appeared in person at the hearing.

The court granted Huntington's unopposed motion for relief from the automatic stay on June 25, 2013. When the motion for relief from stay was filed on May 24, 2013, Debtors were already three months behind on their $609.75 post-petition monthly mortgage payments; the case was filed on November 29, 2012.

Debtors filed on September 4, 2013, their Motion asking for reinstatement of the automatic stay. The Motion was originally set for hearing to occur on October 5, 2013. The hearing was moved up to September 19, 2013, at Debtors' separate filed request to expedite the hearing. The hearing was moved up because Huntington had a foreclosure sale set for the morning of September 20, 2013.

The court construes Debtors' Motion as seeking to have the June 25 order vacated on equitable

grounds. Although not so stated, the procedural basis for vacating a prior final court order is Fed. R. Civ. P. 60(b), made applicable to this case by Fed. R. Bankr. P. 9024. Rule 60(b)(6) authorizes a court to vacate a judgment for "any other reason justifying relief from the operation of a judgment." After the automatic stay has been lifted, bankruptcy courts generally require a showing of changed or extenuating circumstances to justify vacation under Rule 60(b)(6) of an order granting relief from stay. *E.g., Commonwealth of Pa. v. Durkalec (In re Durkalec)*, 21 B.R. 618, 619 (Bankr. E.D. Pa. 1982); *Metmor Fin., Inc. v. Bailey (In re Bailey)*, 111 B.R 151, 153 (W.D.Tenn. 1988).

Debtors report that they have $1,100 in certified funds to contribute to making up the missed payments, as well as a payment that was sent and returned after relief was granted and one yet to be sent. In the words of counsel, Debtors were "not that far off" from being able to cure the post-petition arrearage that were grounds for stay relief on June 25, 2013. The court disagrees. Debtors' funds reported as on hand are clearly insufficient to address existing post-petition payment issues, also including the fees and costs of Huntington in connection with both the Motion and the foreclosure proceeding, and Debtors' proposal for doing so is vague. Its viability at this point is unclear at best and unfeasible under their existing budget at worst. Except for the availability of the $1,100 in certified funds, all the risk of reinstating the stay based on what was presented to the court resided squarely with Huntington, inappropriately so under the equitable principals being invoked as the basis for relief.

Moreover, to the extent that their ability to make up the missed payments would be grounds to vacate the stay relief order, and Debtors already having been unable on their budget to make their post-petition mortgage payments as required under their confirmed plan in a case that was commenced on November 29, 2012, there was no showing of extenuating or changed circumstances that would permit the court to find that there would not be another post-petition payment default to the further detriment of Huntington. This is particularly critical given the size and duration of the pre-petition arrearage to be cured in this case.

Based on the foregoing and for the reasons otherwise stated on the record by the court at the hearing,

**IT IS THEREFORE ORDERED** that Debtors' Motion to Reinstate Automatic Stay [Doc. # 46] is **DENIED.**

###